Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6658 | **DATE** | 7/26/2001 |
| **CASE TITLE** | LOREDANA SANCHEZ vs. MAGNUM INSURANCE AGENCY CO.,INC.,et | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Craig Lamm's motion to dismiss is denied [9-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 3 0 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | CM docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 27 PM 4:05 | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JUL 3 0 2001

LOREDANA SANCHEZ )
)
)
Plaintiff, )
) No. 00 C 6658
v. ) Judge Ronald A. Guzman
)
)
MAGNUM INSURANCE AGENCY )
CO., INC. and CRAIG LAMM, )
)
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"). In her First Amended Complaint, Plaintiff, Ms. Sanchez, alleges, in essence, that Defendant Magnum Insurance Agency Co., Inc. discriminated against her on the basis of her sex when she was allegedly sexually harassed by Defendant Craig Lamm. Pending is Defendant Craig Lamm's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below this motion is granted.

## BACKGROUND FACTS

The complaint alleges the following facts, which are taken as true for the purpose of this motion to dismiss: Plaintiff was hired by Defendants in February, 2000 and was discharged on or about March 7, 2000. On Plaintiff's second day of work, Plaintiff was instructed by her

1

supervisor to provide Defendant Craig Lamm ("Lamm") nursing care in his home. Plaintiff was told that Lamm was having outpatient surgery on one of his eyes and needed someone to assist him in his private home during his recovery. The following day, at Plaintiff's supervisor's direction, Plaintiff met Lamm at the clinic where he was having surgery. Among other things, Lamm asked Plaintiff to give him a head massage to help him to relax prior to surgery. Lamm asked Plaintiff to stay near him and hold his hand. After the surgery Plaintiff was told by her supervisor to accompany Lamm back to his apartment. That same night, at Lamm's apartment, Lamm sexually harassed and sexually assaulted Plaintiff by engaging in the following:

   a. Groping Plaintiff's body and breasts;
   b. Undressing in front of Plaintiff and repeatedly exposing his penis to Plaintiff in a sexual manner;
   c. Removing his shirt and pants in front of Plaintiff in a sexual way and asking Plaintiff to give him a massage;
   d. Continually calling Plaintiff "love" and telling Plaintiff that she should be his girlfriend.
   e. Grabbing Plaintiff's hands and forcing her hands to his chest to give him a chest massage;
   f. While he was naked, asking Plaintiff if she would accompany him to bed.

Plaintiff felt threatened, intimidated and scared by Lamm's harassing conduct. Plaintiff told Lamm to stop his offensive and sexually harassing conduct, but Lamm refused.

At approximately 2:30 a.m. that same night, Plaintiff telephoned her supervisor about Lamm's sexually harassing conduct and stated that she believed that she was being sexually harassed. Despite her complaints, Defendants failed to adequately investigate, remedy and/or take any corrective action regarding the sexual harassment she was subjected to.

The complaint also alleges that defendant Lamm was at all times relevant and officer of and principal shareholder in the defendant corporation. That Lamm is not entitled to the

protection of the Illinois Business Corporation Act because Lamm is the alter-ego of Magnum; having the authority to higher and fighter employees and ultimate authority to make all business decisions. The complaint further alleges that Lamm uses Magnum as a fiction for his personal use, that he spends the funds from the employee profit-sharing fund and money from related and subsidiary companies for his own personal uses.

## DISCUSSION

In ruling on motion to dismiss pursuant to Fed.R.Civ. P. 12(b)(6), the court must assume the truth of all alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See. e.g., McMath v. City of Gary,* 976 F.2d. 1026, 1031 (7th. Cir. 1992). *Gillman v. Burlington* N. R.R. Co., 878 F.2d. 1020, 1022 (7th. Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Kinik v. Racine County, Wis.* 946 F.2d. 1574, 1579 (7th. Cir. 1991), Citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

The court will accept all well-pled factual allegations in the complaint as true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.,* 12 F.3d. 686, 688 (7th. Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F.2d. 366, 368 (7th.Cir. 1992).

Defendant Lamm first argues that he cannot be held liable individually as a defendant in

this case under Title VII or under an "alter ego" theory. As a general rule, individual supervisors, official and employees cannot be held personally liable for actions which subject the employer to Title VII liability. *See Silk v. City of Chicago* 194 F.3d. 788. 797 n. 5 (7th. Cir. 1999). In *EEOC v. AIC Security,* 55 F. 3d 1276, 1279-80 (7th Cir. 1995) (American with Disabilities Act ("ADA")) while not deciding the issue, the Seventh Circuit stated that it would deny an ADA claim purporting individual liability of the owner and sole shareholder of a company:

> [W]e see no good reason why it should make any difference for our analysis whether Vrdolyak [AIC's owner and sole shareholder] was AIC's alter ego. She might be effectively liable if the corporate veil were pierced, and as sole shareholder, she will necessarily absorb the pinch from AIC's liability, but as to her individual capacity liability, it does not matter even if she was AIC's alter ego.

*AIC Security*, 55 F. 3d at 1282, n. 11.

Furthermore, in *AIC Security,* the Seventh Circuit found that arguments regarding individual liability and the definition of "employer' in ADA, Title VII, and ADEA cases are interchangeable. *See Id.* at 1279-80.

Moreover, other courts have determined that individuals cannot be "employers" under Title VII. *See Gastineau v. Fleet Mortgage Corp.* 137 F. 3d 490, 493-94 (7th Cir. 1998) and *Sullivan v. Presstronics, Inc.,* 1997 WL 327126 (N.D. Ill. 1997)(Aspen)(*citing Williams v. Banning,* 72 F. 3d 552 at 554-555)(dismissing Tile VII claim against an owner of a small, closely held business because there is no owner exception to the rule that supervisors cannot be held liable under Title VII).

Plaintiff, on the other argues that "[a]n individual qualifies an 'employer' under Title VII is he or she serves in a supervisory position and exercises significant control over the plaintiff's

4

conditions of employment. In support of her argument plaintiff relies on *Compton v. Chinn Enterprises, Inc.* 957 F. Supp. 139, 141 (N.D. Ill. 1997) and *Curcio v. Chinn Enterprieses, Inc.* 887 F. Supp. 190, 193 (N.D. Ill. 1995)(holding that individual, as president, controlling shareholder, and head of managment with supervisory authority, can be held liable as an "employer" under Title VII because he is the "alter ego" of the corporation). In *Curcio*, however, the district court recognized that "[a]lthough the Seventh Cirucit's recent holding [in *AIC Security*]does not expressly address this type of "alter ego" argument, the court commented on the validity of such an argument in a footnote, indicating that it would be inclined to reject individual liablity founded on an alter ego theory." *Curcio*, 887 F. Supp. at 193. Despite *AIC Security's* dict the *Curcio* court found the "alter ego" theory viable. Plaintiff also relies on *Montague v. James Pocrnick and Professional Bank*, 224 F. 3d 1224 (10th Cir 2000).

Clearly, if the allegations in the complaint are proven true and defendant Lamm is using the corporation as his alter ego, then ordinarily he would be personally liable for the corporation's sins. The question is, does the Seventh Circuit's footnote in *EEOC v. AIC Security* announce an intention to create an exception to this general rule regarding the piercing of the corporate veil. Certainly the first sentence in the quote above ([ W]e see no good reason why it should make any difference for our analysis whether Vrdolyak [AIC's owner and sole shareholder] was AIC's alter ego.) would seem to so indicate. However, in *EEOC v. AIC Security* plaintiff did not attempt to pierce the corporate veil. The issue their was strictly whether or not, given a valid and viable corporation, there existed individual capacity liability as to AIC's owner and sole shareholder. Thus the court was not discussing a situation in which the alter ego theory had actually been proven and the corporate veil pierced. The court's next statement in the

5

footnote (She might be effectively liable if the corporate veil were pierced....) would seem to indicate that such an individual might very well be liable if the corporate veil were to be pierced. In such a case the liability would not be based upon the individual defendant's status as employer, but solely on his status as the alter ego of the corporate employer. Such a determination would not seem to violate any of the policy considerations which underlie restricting liability to "employers" and would seem to be in keeping with all of the well-established policy considerations for holding individuals responsible for the acts committed by the corporations they control when the corporate formalities have been so abused that the corporation is no longer entitled to legal recognition as a separate entity. Insofar as we can tell this precise issue has not been ruled upon by the Seventh Circuit.

Absent a clear declaration that our Circuit Court intends to carve out a special exception to the general rule which allows the piercing of the corporate veil were the facts so warrant , the court finds that Lamm can be held liable if, as the complaint alleges, the corporate veil is pierced. Thus, the court denies Lamm's motion to dismiss.

## CONCLUSION

For the reasons set forth above Lamm's motion to dismiss is denied (#9-1).

**SO ORDERED**

ENTERED: 7/26/07

HON. RONALD A. GUZMAN
**United States Judge**